**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | |
|---|---|
| **DWIGHT MITCHELL** )<br>    **Plaintiff,** )<br> )<br>v. )<br> )<br>**WILSON TAYLOR, CITIZEN'S** )<br>**BANK OF HARTSVILLE, et al.** )<br>    **Defendants.** ) | No. 3:18-cv-1023<br>Chief Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss filed by Defendants Baker, Donelson, Bearman, Caldwell & Berkowitz and James DeLanis. Docket No. 117. In response the pro se Plaintiff has filed a Notice of Non-Suit of James DeLanis and Baker, Donelson, Bearman, Caldwell & Berkowitz. Docket No. 148. For the reasons stated herein, the undersigned recommends that the Court dismiss Plaintiff's claims against Defendants DeLanis and Baker, Donelson, Bearman, Caldwell & Berkowitz without prejudice and dismiss as moot the Motion to Dismiss filed by these Defendants.

Federal Rules of Civil Procedure 41(a)(1)(A) governs voluntary dismissal by a Plaintiff and provides that "the Plaintiff may dismiss an action without a court order by filing (i) a Notice of Dismissal before the opposing party serves either an Answer or Motion for Summary Judgment." "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). No court order is required, and the notice is effective as of the date filed. *Warfield v. Allied Signal TBS Holdings, Inc.*, 267 F. 3d 538, 541 (6th Cir. 2001). The notice under Rule 41 (a)(1) is self-effectuating and there is no basis for the district court to prevent such a dismissal. *Aamot v. Kassel*, 1 F. 3d 441, 445(6th Cir. 1993).

In *Aamot*, the Sixth Circuit Court of Appeals unequivocally rejected the position that a pending motion to dismiss bars voluntary dismissal. *Id.* at p. 444. Thus, it is clear that a Motion to Dismiss under Rule 12 does not terminate the right of dismissal by notice. 9 *Wright & Miller, Fed. Rules Practice and Procedure* § 2363 3d (2012).

For these reasons, the undersigned recommends that the Court dismiss the claims against Defendants DeLanis and Baker, Donelson, Bearman, Caldwell & Berkowitz without prejudice and deny the pending motion to dismiss filed by these Defendants (Docket No. 117) as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                **JEFFERY S. FRENSLEY**
                                                **U. S. Magistrate Judge**