# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| DWIGHT MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-01023 |
| | ) | |
| WILSON TAYLOR, CITIZEN'S BANK | ) | |
| OF HARTSVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 175) recommending that the Court grant the seven pending Motions to Dismiss filed by various defendants[1] in this case (Doc. Nos. 100, 104, 115, 117, 128, 130, 132). Plaintiff Dwight Mitchell has filed objections to the R&R (Doc. Nos. 180, 181), as have Defendants Citizens Bank (Doc. Nos. 176, 177) and Baker Donelson and James DeLanis (Doc. Nos. 178, 179). For the following reasons, the R&R will be adopted in part and set aside in part, and the Court will return the matter to the Magistrate Judge for further consideration.

## I.    Background

The Magistrate Judge has carefully recounted the factual background and lengthy procedural history of this case. (Doc. No. 175 at 20-50.) As the R&R explains in more detail, this dispute arises out of Citizens Bank's foreclosure and conveyance of Mitchell's realty almost a decade ago. Mitchell has brought federal claims against two defendants under 42 U.S.C. § 1983, as well as state law claims against the other thirteen defendants for fraudulent concealment,

---

[1] The only defendants who have not filed a motion to dismiss are Michael Towns, Wilson Taylor, and Kevin Key.

constructive fraud, tortious interference with contracts, fraudulent conversion of real property, and civil conspiracy for fraudulent conversion of real property. (Doc. No. 92.) After reviewing the pending motions to dismiss, the Magistrate Judge recommended dismissing all of Mitchell's claims because they "are time-barred, barred by the doctrines of res judicata and collateral estoppel, conclusory, plead with insufficient particularity, and fail to state a claim upon which relief can be granted." (Doc. No. 175 at 55.)

## II.    The Complaint Fails to State a Valid Claim Under Federal Law

The R&R recommends dismissing the only federal claims in this case, which are Mitchell's § 1983 claims against the City of Hartsville, Tennessee, and Kimberly Taylor, the Circuit Court Clerk for Trousdale County. (See Doc. No. 92 ¶¶ 3, 50-55, 85-91.) The Complaint alleges that these claims accrued in January 2018 when Mitchell attempted to file a lawsuit against Defendants Wilson Taylor and Citizens Bank in the Trousdale County Circuit Court. (Id. ¶ 62.) Because Mitchell did not pay filing costs, "[t]he court clerk initially told [Mitchell] that a judge would have to approve his pauper's oath and 'lodged' the complaint" instead of filing it. (Id. ¶ 63.) Mitchell's "pauper's oath" was subsequently denied, and "[t]he court clerk or someone in the court clerk's office . . . told [Mitchell] that that the judge said there were mistakes in the filing," and that Mitchell's filing "was incomplete and improper." (Id. ¶ 64, 70.) Based on these alleged filing mistakes, the "employee" suggested that Mitchell "would have to get a lawyer to file" his complaint. (Id. ¶ 64.) As a result, Mitchell claims he suffered "a denial of [his] constitutional rights of access to the courts" because Ms. Taylor "den[ied] [Mitchell] the right to even file a lawsuit without first obtaining a lawyer," and the City of Hartsville did "not allow[] [Mitchell] in 2018 to file a state cause of action against Defendants Citizens Bank and Wilson Taylor." (Id. ¶¶ 85-91.)

As an initial matter, the R&R incorrectly determined that Mitchell's § 1983 claims "accrued at the latest, in 2013," and are thus time-barred by the applicable one-year statute of

limitations. (Doc. No. 175 at 51-52, 54-55.) The Complaint alleges that the § 1983 claims accrued in 2018, not 2013. (See Doc. No. 92 ¶¶ 28, 62.) Given that Mitchell's state court filing was rejected in 2018, the Court agrees that Mitchell knew or had reason to know of his alleged § 1983 claims in 2018. See Scott v. Ambani, 577 F.3d 642, 646 (6th Cir. 2009) ("In actions brought under § 1983, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action."). Accordingly, the Court does not find that Mitchell's § 1983 claims are time-barred, and this aspect of the R&R will be set aside.

In any event, the Complaint fails to state a § 1983 claim against Kimberly Taylor because she is entitled to absolute quasi-judicial immunity. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994) (citation omitted). "[T]he Sixth Circuit has applied quasi-judicial immunity to a court clerk when the acts complained of are within the clerk's jurisdiction." Berry v. Seeley, No. 2:10-CV-162, 2010 WL 5184883, at *8 (E.D. Tenn. Dec. 15, 2010) (collecting cases). "Because the filing of documents by a Clerk of the . . . Court is an integral part of the judicial process, that clerk is entitled to absolute immunity for [her] alleged refusal to file pleadings." McCarthy v. Davis, No. 11-15651, 2012 WL 1570858, at *3 (E.D. Mich. May 3, 2012); see also Harris v. Suter, 3 Fed. Appx. 365, 366 (6th Cir. 2001) ("When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction."). Therefore, Mitchell has failed to state a § 1983 claim against Kimberly Taylor upon which relief can be granted.

The Court also finds that Mitchell fails to state a § 1983 claim against the City of Hartsville. "[Section] 1983 does not impose liability on local governments under the principle of *respondeat*

*superior*; a § 1983 plaintiff suing a governmental defendant must allege and prove the existence of a policy or custom of violating individuals' rights." Foster v. Walsh, 864 F.2d 416, 419 (6th Cir. 1988) (citations omitted). Here, Mitchell merely alleges that the City of Hartsville "has shown a pattern or custom of violating access to the courts by . . . not allowing [Mitchell] in 2018 to file a state cause of action against Defendants Citizens Bank and Wilson Taylor. . . ." (Doc. No. 92 ¶ 53, 91.) He does not provide any facts identifying an unconstitutional policy other than his own singular experience, and "an isolated incident does not establish a practice or custom to form the basis for a [§] 1983 claim against a governmental entity." Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992); see also Le Grand v. Evan, 702 F.2d 415, 416 (2d Cir. 1983) ("The complaint also fails to state a claim against the City of New York because the alleged acts of court clerks . . . cannot constitute the implementation of an 'official policy' of the city."). Although *pro se* complaints are held to a less stringent standard than complaints drafted by lawyers, they must still comply with federal pleading requirements, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and "[a] conclusory allegation that a city employed an unlawful policy or custom, without identifying the policy or stating a pattern of conformance to that custom, is not sufficient." Hershberger v. Town of Collierville, No. 14-2153, 2014 WL 6815189, at *7 (W.D. Tenn. Dec. 2, 2014). Thus, Mitchell fails to state a § 1983 claim against the City of Hartsville for which relief can be granted.

For the reasons stated above, the Court will (1) grant Kimberly Taylor and the City of Hartsville's Motion to Dismiss (Doc. No. 131) as it pertains to the § 1983 claims; (2) dismiss Mitchell's § 1983 claims with prejudice because they fail to state a claim upon which relief can be granted, and (3) approve and adopt the R&R to the extent it recommends dismissing Kimberly

Taylor and the City of Hartsville from this case.[2]

### III. Questions Exist Regarding the Court's Subject Matter Jurisdiction

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citation omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Id. "A district court has subject-matter jurisdiction where the complaint (1) raises a federal question, or (2) where the parties have diversity of citizenship and the amount in controversy exceeds $75,000." Wilson v. Allstate Ins. Co., No. 17-4248, 2018 WL 6422853, at *1 (6th Cir. June 25, 2018) (citing 28 U.S.C. §§ 1331, 1332). Here, because the Complaint does not state a federal claim, the Court has subject-matter jurisdiction over Mitchell's remaining state law claims only if there is diversity of citizenship.

The Complaint alleges that Mitchell "is a resident of the state of Kentucky" and "[a]ll of the Defendants are residents of Tennessee." (Doc. No. 92 ¶ 23, 24.) However, "[i]t is well-settled that, for purposes of diversity jurisdiction, citizenship means domicile, not residence, and that domicile is not synonymous with residence." Tuttobene v. Assurance Grp., Inc., No. 3:10-0978, 2012 WL 2871848, at *2 n.3 (M.D. Tenn. July 12, 2012); see also Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist., 47 Fed. App'x 726, 728 (6th Cir. 2002) ("To establish the 'citizenship' required for diversity jurisdiction, [Plaintiff] must show more than mere Tennessee residence. He must show that Tennessee is his domicile."). Although the Complaint links Mitchell to a P.O. Box in Shelbyville, Kentucky, this fact alone does not establish his Kentucky domicile. (See Doc. No.

---

[2] Given the Court's disposition, there is no need to address whether Mitchell suffered actual injury or was denied meaningful access to the courts when an "employee" advised him to get a lawyer before filing another procedurally improper complaint. See Bounds v. Smith, 430 U.S. 817, 830 (1977); Lewis v. Casey, 518 U.S. 343, 349-50 (1996). Nor does the Court address whether Kimberly Taylor is entitled to qualified immunity.

92 at 37.) Further, Mitchell's persistent attempts to file claims in *Tennessee* state court provide circumstantial evidence that he may be domiciled in Tennessee. Thus, the Court is not satisfied that diversity jurisdiction exists based merely on the Complaint's averment that Mitchell currently resides in Kentucky.

Mitchell, as the plaintiff in this case, "bear[s] the burden of persuading the court that it has subject matter jurisdiction." <u>Am. Fed. of Gov.'t Emps. v. Clinton</u>, 180 F.3d 727, 729 (6th Cir. 1999). Accordingly, the Court respectfully requests the Magistrate Judge to conduct further fact-finding regarding the parties' domiciles and make a recommendation about whether diversity jurisdiction exists in this case. In his discretion, the Magistrate Judge may conduct an evidentiary hearing or issue a show-cause order that directs Mitchell to provide further evidence establishing his domicile.

If the Magistrate Judge concludes that the Court has diversity jurisdiction, the Court respectfully requests the Magistrate Judge to reconsider whether Mitchell's claims are time-barred and determine what effect, if any, this has on the pending motions to dismiss. In making this determination, the Magistrate Judge should consider whether Tenn. Code. Ann. § 28-3-105 applies to actions for the conversion of real property, and to what extent Mitchell's fraudulent concealment claims may have been tolled while pending in federal court. (<u>See</u> Doc. No. 181 at 3.) Before it may dismiss the other state law claims, the Court also finds it necessary for the Magistrate Judge to provide specific examples and further analysis regarding why Mitchell's claims are otherwise "barred by the doctrines of res judicata and collateral estoppel, conclusory, plead with insufficient particularity, and fail to state a claim upon which relief can be granted." (<u>See</u> Doc. No. 175 at 54-56.) In his forthcoming R&R, the Magistrate Judge may incorporate by reference the prior R&R's comprehensive factual and procedural background, adding additional facts only where necessary.

(See id. at 2-50.)

IV.     **Conclusion**

For the foregoing reasons, the Court rules as follows:

1.      The R&R (Doc. No. 175) is **APPROVED AND ADOPTED IN PART**, **SET ASIDE IN PART**, and **RETURNED** to the Magistrate Judge for further consideration consistent with this Order;

2.      The Motion to Dismiss Second Amended Complaint Filed on Behalf of Mary Holder, City of Hartsville, James McDonald, Hattie McDonald, and Kimberly Taylor (Doc. No. 131) is **GRANTED IN PART** and **HELD IN ABEYANCE IN PART**;

3.      Plaintiff's claims against Kimberly Taylor and City of Hartsville, Tennessee are **DISMISSED WITH PREJUDICE**; and

4.      Kimberly Taylor and the City of Hartsville, Tennessee are hereby **DISMISSED** from this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE